IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST
VIRGINIA

– – – – – – – – – – – – – – – – – – – – – – – – — – – – – – – X
: 
:
JANE DOE, individually and as next friend to her : Civil Action No:
minor daughters, ANNE DOE, BETH DOE and :
CAROL DOE, : ECF Case
:
: Honorable
Plaintiffs, :
:
v. : **Memorandum in Support of**
: **Plaintiffs' Motion for**
WOOD COUNTY BOARD OF EDUCATION, : **Protective Order**
J. PATRICK LAW, Superintendent, in his Official :
Capacity, STEPHEN TAYLOR, Principal, Van :
Devender Middle School, in his Official and Individual :
Capacity, and PENNY TONELLI COLEMAN, Former :
Assistant Principal of Van Devender Middle School, :
in her Individual Capacity, :
:
Defendants. :
:
:
:
– – – – – – – – – – – – – – – – – – – – – – – – — – – – – – – X

## MEMORANDUM IN SUPPORT OF PLAINFIFFS' MOTION FOR PROTECTIVE ORDER

This Court, in its sound discretion, should grant Plaintiffs' Motion to enter the Proposed Protective Order to protect the identities of the Plaintiffs, many of whom are children, to prevent public disclosure of sensitive personal information and potential harassment and retaliation within the school and the Parkersburg, West Virginia community.

I.  BACKGROUND AND FACTS

This is a civil rights action seeking declaratory and injunctive relief against the gender-based education program at Van Devender Middle School ("VDMS"), located in Parkersburg,

1

West Virginia.  Specifically, VDMS separates boys and girls in core academic classes in the sixth, seventh and eighth grades and tailors teaching methods to broad generalizations about students, based on their gender.  As described in the complaint, the gender-based educational program at VDMS violates the Fourteenth Amendment's Equal Protections Clause (pursuant to 42 U.S.C. § 1983), Title IX of the Education Amendments of 1972 ("Title IX") and the Title IX implementing regulations of the United States Departments of Education, Health and Human Services, Agriculture and Homeland Security.  Plaintiffs are a mother, Jane Doe, whose three daughters, Anne Doe, Beth Doe and Carol Doe suffered the gender-based curriculum at VDMS in the 2011-2012 school year and will again be subjected to it in the upcoming 2012-13 school year.  As alleged in the Complaint and various Declarations, Plaintiffs were deprived of educational opportunities and suffered harm from Defendants' unlawful gender-based teaching methods.

## II.  ISSUANCE OF AN ORDER PROTECTING THE PLAINTIFFS' ANONYMITY LIES WITHIN THE COURT'S SOUND DISCRETION

The decision to restrict public access to case proceedings or information rests in the sound discretion of the district court.  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[t]he decision as to access is one left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"); *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *James v. Jacobsen*, 6 F.3d 233, 242 (4th Cir. 1993).  A party seeking a protective order to shield information from public dissemination must demonstrate with specificity that (1) the information qualifies for protection under Federal Rule of Civil Procedure 26 (c) and (2) good cause exists for restricting dissemination on the ground that harm would result from its disclosure.  *See* L.R.

Civ. P. 26.4; *Albers v. Wheeling Jesuit University*, No. 5:09-CV-109, 2010 U.S. Dist. LEXIS 40816 (N.D.W. Va. 2010).

Here, Plaintiffs seek to shield their true names from public dissemination on the grounds that Plaintiffs' very participation in this litigation places them at risk of retaliation, intense public hostility and harassment from persons supporting the single-sex curriculum at VDMS, including persons in a position of institutional authority over the child Plaintiffs, who may not be parties to this case. A district court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). As detailed at length in Plaintiffs' Motion to Proceed Under Pseudonym, there is good cause to protect the Plaintiffs' anonymity in this case.

The Fourth Circuit sets forth several factors to be considered in a court's determination of whether to grant a request to proceed under pseudonym, including the age of the moving party, whether the request stems from a desire to preserve the privacy of sensitive personal information, the risk of retaliatory harm associated with identification of the moving party, whether the action is against a private individual or governmental actor, and the risk of unfairness to the opposing party. *See Jacobsen*, 6 F.3d at 238-39; 242 (4th Cir. 1993). *See also Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981) (holding that parties must be allowed to proceed under fictitious names in suit challenging the constitutionality of prayers and Bible-reading exercises in Mississippi public schools).

These factors clearly weigh in favor of Plaintiffs' instant motion. Plaintiffs are comprised of three 12 year-old girls and their mother. Defendants are governmental and institutional actors who implemented a discriminatory single-sex curriculum at a school that the three child Plaintiffs currently attend. The girls will be testifying about sensitive personal

information, such as relationships with parents and teachers, academic progress and grades, disciplinary issues, medical problems and, perhaps most importantly of all, the real effects of Defendants' arbitrary imposition of nonsensical gender norms and preferences upon their physical bodies and identities as young female scholars.  *See, e.g.*, A. Doe Decl. ¶ 6; B. Doe Decl. ¶¶ 6, 7; C. Doe Decl. ¶¶ 7, 8, 9.

     Federal courts have been particularly sensitive to the privacy interests and risk of harm to child-litigants and children affected by litigation.  *See Stegall*, 653 F.2d 186 ("The gravity of the danger posed by the threats of retaliation against the Does for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs … we view the youth of these plaintiffs as a significant factor in the matrix of considerations arguing for anonymity here."); *Jacobsen*, 6 F.3d at 241.  Similar to the circumstances in *Stegall*, where the child-litigants and their mother challenged the constitutionality of Biblical prayer exercises in Mississippi public schools, the Plaintiffs face a small community that is likely "hostile to the viewpoint reflected in plaintiffs' complaint," as demonstrated by the news accounts describing the sex-segregated program[1], and are likely to face harassment and ostracism due to their participation as witnesses.  *See Stegall*, 653 F.2d at 186.  In fact, Jane Doe has already suffered outward hostility from a teacher during a parent-teacher conference when she questioned the validity of the single-sex curriculum and Carol Doe was aggressively confronted by the family of

---

[1] *See* Michael Erb, *Single Gender Classes Could Cost Wood County Schools*, PARKERSBURG NEWS AND SENTINEL (June 27, 2012), *available at* http://www.newsandsentinel.com/page/content.detail/id/562502/Single-gender-classes-could-cost-Wood-County-Schools.html (last visited Aug. 10, 2012); Michael Erb, *Wood BOE votes to keep Vandy single-gender classes*, PARKERSBURG NEWS AND SENTINEL (July 3, 2012), *available at* http://www.newsandsentinel.com/page/content.detail/id/562659/Wood-BOE-votes-to-keep-Vandy-single-gender-classes.html (last visited Aug. 10, 2012); *ACLU Threat*, PARKERSBURG NEWS AND SENTINEL (May 25, 2012), *available at* http://www.newsandsentinel.com/page/content.detail/id/563691/ACLU-Threat.html?nav=5057 (last visited Aug. 10, 2012).

4

a school board member based on her known opposition to the single-sex curriculum at VDMS. *See* J. Doe Decl. at ¶¶ 5, 20; C. Doe Decl. at ¶ 11. Moreover, because three of the Plaintiffs are minor children appearing through their mother, identification of Jane Doe will likely lead to identification of Anne Doe, Beth Doe and Carol Doe.

Finally, Defendants risk no prejudice by these witnesses proceeding anonymously, aside from minor administrative inconvenience. The Proposed Order is narrowly tailored to the specific facts of this case. The main remedy sought by the Plaintiffs' Proposed Order is to restrict the dissemination of Plaintiffs' true names to only those persons who absolutely need to know them in order for the case to progress, including the Defendants, case counsel, the Court and other persons deemed essential to the Defendants' case. Moreover, because the press and general public will have unfettered access to anonymized transcripts of the Plaintiffs' testimony, the relief requested is sufficiently narrow to avoid excluding the public from any more of the proceedings than is necessary to protect the interests of the Plaintiffs. *See Stegall*, 653 F.72 at 185 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name").

### III.   CONCLUSION

The use of pseudonyms and anonymized transcripts strikes the proper balance between protecting the identities of the Plaintiffs and accommodating the public's right of access to the proceeding. At a minimum, Plaintiffs ask this Court forthwith to enter the proposed Protective Order on an interim basis pending further party discussion or judicial consideration of the issue. That will permit discovery to progress immediately without prejudice to the Defendants, and

such an order could be dissolved if the Court were to determine upon further consideration that it had been improvidently granted.

Dated:  August 15, 2012                                         Respectfully Submitted,

/s/Roger D. Forman

| | |
|---|---|
| Sarah Rogers (*pro hac vice* pending) | Roger D. Forman |
| Staff Attorney, American Civil Liberties Union of West Virginia Foundation | Law Offices of Roger D. Forman LC |
| | 100 Capitol Street |
| P.O. Box 3952 | Suite 400 |
| Charleston, WV 25339-3952 | Charleston, WV 25301 |
| (304) 345-9346 | 304-346-6300 |
| srogers@acluwv.org | rdf@citynet.net |
| | |
| Lenora M. Lapidus | Roxann E. Henry (*pro hac vice* pending) |
| (*pro hac vice* pending) | Marissa P. Harris (*pro hac vice* pending) |
| Galen Sherwin (*pro hac vice* pending) | Joshua A. Hartman (*pro hac vice* pending) |
| Amy Lynn Katz (*pro hac vice* pending) | Morrison & Foerster LLP |
| Christina Brandt-Young | 2000 Pennsylvania Avenue, NW |
| (*pro hac vice* pending) | Suite 6000 |
| American Civil Liberties Union Foundation | Washington, D.C.  20006 |
| Women's Rights Project | (202) 887-1500 |
| 125 Broad Street, 18th Floor | RHenry@mofo.com |
| New York, NY 10004 | MHarris@mofo.com |
| (212) 549-2615 | JHartman@mofo.com |
| LLapidus@aclu.org | |
| gsherwin@aclu.org | |
| wrp_ak@aclu.org | |
| wrp_cby@aclu.org | |

*Attorneys for Plaintiffs*