IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

――――――――――――――――――――――――― X
: 
:
: Civil Action No: 6:12-4355
JANE DOE, individually and as next friend to her :
minor daughters, ANNE DOE, BETH DOE and : ECF Case
CAROL DOE, :
: Honorable Joseph Goodwin
:
Plaintiffs, :
:
v. :
:
:
WOOD COUNTY BOARD OF EDUCATION, :
J. PATRICK LAW, Superintendent, in his Official :
Capacity, STEPHEN TAYLOR, Principal, Van :
Devender Middle School, in his Official and Individual :
Capacity, and PENNY TONELLI COLEMAN, Former :
Assistant Principal of Van Devender Middle School, :
in her Individual Capacity, :
:
Defendants. :
:
:
――――――――――――――――――――――――― X

### PLAINTIFFS' POST-HEARING MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION

**I. RESPONSE TO DEFENDANTS' MEMORANDUM**

This case is not about the theoretical potential of single-sex education. Plaintiffs do not argue that single-sex education is unconstitutional *per se*; instead Jane Doe and her children seek relief from personal harms suffered as a result of the specific discriminatory interpretation and administration of gender based education at Van Devender Middle School.[1] These harms arise because Defendants bought into faulty theories espousing

---

[1] Defendants' Response frequently focuses not on this case but merely takes issue with the views, positions and arguments of the "ACLU." *See* Defendants' Response to

that inherent "hard wired" differences between boys and girls required discriminatory gender differentiated teaching techniques based on overbroad generalities regarding differences between the sexes, which theories had no validity.

The testimony of Jane Doe, Anne Doe and Carol Doe made clear that Plaintiffs have alleged specific and articulable harms suffered as a result of involuntary participation in Defendants' single-sex classes in the past school year. Moreover, Plaintiffs contend that the Defendants' continued perpetuation of discredited gender learning differences in teacher training and student instruction is, in itself, a constitutional injury and grounds for injunction.

The testimony received yesterday from the child Plaintiffs and their mother is not an "editorial in opposition to Dr. Leonard Sax, David Chadwell, and the National Association of Single Sex in Public [Education] (NASSPE)."[2] That testimony was provided as an admission by Defendants' own expert, Rosemary Salomone. Moreover, the most condemning evidence that Van Devender Middle School continues to perpetuate gender stereotypes in its classroom methods and its teacher training was the testimony of Meredith Hahn, the Defendants' own witness, who admitted that slides from a David Chadwell presentation espousing these theories were used *last week* in teacher training sessions for gender based strategies in the upcoming school year. Both expert witnesses thoroughly discredited these theories. Hahn also testified that she did indeed use the

---

Plaintiffs' Motion for Permanent Injunction at 5,7,8,16,17. We note simply that the ACLU is not a party to this case and that this action has been brought by four plaintiffs who have clearly been harmed by the Defendants' discriminatory conduct. Defendants' attempts to pass off this case as the machinations of the ACLU are neither relevant nor credible.

[2] *Id*. at 7,8.

"team time out" method of discipline by sending students of one sex to sit in shame in a class with only students of the other sex.  Even assuming Defendants are victims of the harmful propaganda of Leonard Sax or David Chadwell, as they argue in their Response, responsibility for the Defendants' actions lies with the Defendants alone, who as late as last week continue to incorporate gender discrimination into their teacher training and student instruction.  Thus Defendants have conceded that the gender based education that they wish to use in the coming school year was not grounded on an "exceedingly persuasive justification," as instructed by the Supreme Court in *United States v. Virginia*.[3]  This ends any further inquiry on constitutionality because Defendants may not now rely upon any justification "invented *post hoc* in response to litigation."[4]  This similarly ends any further need to determine voluntariness or the availability of a substantially equal alternative under the Department of Education's regulations under Title IX, as they also require a justification that is not invented *post facto*.[5]

Furthermore, despite Defendants' pleas for "remediation" of their program, the evidence at the hearing suggested that the love of its "gender-based" program so infects VDMS that only a preliminary injunction of the type requested by Plaintiffs will halt the violations of students' Constitutional rights now occurring at VDMS.

## II.     VOLUNTARINESS AND SUBSTANTIALLY EQUAL ALTERNATIVE

Defendants admitted that students were automatically assigned to single-sex classes and that to fulfill the DoE's requirement of voluntariness that they are relying on the absence of explicit parental opt-out.  They also concede that VDMS did not offer

---

[3] 518 U.S. 515, 531 (1996).
[4] Id. at 533.
[5] 71 Fed. Reg. 62, 530 at 62, 535(2006) (requiring a showing that means chosen be substantially related to the purpose).

coeducational class alternatives. While Defendants at the TRO hearing also claimed reliance on the absence of any parental complaints, evidence adduced at the hearing showed both explicit parental complaint by Jane Doe and a response to a survey sent to VDMS parents stating that the parent did not want two children attending VDMS to be enrolled in single sex classes in the next year.

The Department of Education's regulations state its concern "that a recipient might, for administrative convenience, assign or attempt to 'steer' students of the other sex to a single-sex class, even if they wanted to enroll in a coeducational class."[6] That is precisely what VDMS did and such conduct vitiates any argument that the absence of parental affirmative opt-outs constituted "completely voluntary" choice. Defendants consistently failed to mail what opt-out information they provided to parents until shortly before or even after school had actually started. This year, the mailing was received after the start of school (J. Doe testimony). Last year Defendants showed that any mailing was posted ten days or less before the start of school. (C. Wade testimony). Defendants also failed to give adequate notice of what the proposed coeducational alternative was and misleadingly told parents about the benefits of the gender based program. *See* Plaintiffs' Exhibit 2; J. Doe testimony. The law recognizes in a variety of contexts that rushing a decision can be coercive West Virginia requires those wishing to run and advertise "closing-out sales, fire sales and defunct business sales" first to obtain a permit because the time pressure inherent in such designations can aid those wishing to "mislead and defraud the public." W.V. Code § 47-11B-1. Also, the conflicting information Defendants provided about potential coeducational alternatives allowed neither this Court

---

[6] 71 Fed. Reg. 62,530 at 62,537 (2006).

4

nor parents to assess the "[f]actors the Department will consider, either individually or in the aggregate as appropriate, in determining whether classes or extracurricular activities are substantially equal include, but are not limited to, the following: the policies and criteria of admission, the educational benefits provided, including the quality, range, and content of curriculum and other services and the quality and availability of books, instructional materials, and technology, the qualifications of faculty and staff, geographic accessibility, the quality, accessibility, and availability of facilities and resources provided to the class, and intangible features, such as reputation of faculty." *See* 34 CFR § 106.34(b)(3). At no time have Defendants offered one clear alternative.

Any claim that Defendants provided a substantially equal coeducational alternative to its single-sex classes by failing to achieve Adequate Yearly Progress under the No Child Left Behind Law ("NCLB"), and therefore being required by that law to offer students the choice to switch to another non-failing school in the district, is disingenuous and demonstrates how Defendants abdicated any responsibility for creating an alternative or notifying parents of a meaningful choice. Under NCLB, rules for exercising the school choice option must prioritize moving the lowest achieving children from the lowest income families into more successful schools and thus there can be no assurance that parental choices will be accommodated. 20 USC § 6316(b)(1)(e)(ii).

### III. IRREPARABLE HARM, PUBLIC INTERESTS, BALANCING OF THE EQUITIES

Defendants' own expert, characterized as very "harmful" the teaching techniques and theories that were the subject of professional development training last week. Plaintiffs themselves gave persuasive evidence of the immediate harm to them and the effects within the school. The injuries to Plaintiffs cannot be remedied absent a

5

preliminary injunction.  Also as Defendants' gender based education violates the Constitution and civil rights law, it constitutes irreparable harm and is against the public interest.  *See Faulkner v. Jones*, 10 F.3d 226, 228 (4th Cir. 1993).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter a Preliminary Injunction directing VDMS to cease any use of gender-based, sex-stereotyped instruction and that VDMS return to a fully coeducational public school pending a final determination on the merits.

Dated:  August 28, 2012                                              Respectfully Submitted,

|  |  |
|---|---|
|  | /s/Roger D. Forman |
| Sarah Rogers | Roger D. Forman |
| Staff Attorney, American Civil Liberties Union of West Virginia Foundation | Law Offices of Roger D. Forman LC |
|  | 100 Capitol Street |
| P.O. Box 3952 | Suite 400 |
| Charleston, WV 25339-3952 | Charleston, WV 25301 |
| (304) 345-9346 | 304-346-6300 |
| srogers@acluwv.org | rdf@citynet.net |
|  |  |
| Lenora M. Lapidus | Roxann E. Henry |
| Galen Sherwin | Marissa P. Harris |
| Amy Lynn Katz | Joshua A. Hartman |
| Christina Brandt-Young | Morrison & Foerster LLP |
| American Civil Liberties Union Foundation | 2000 Pennsylvania Avenue, NW |
|  | Suite 6000 |
| Women's Rights Project | Washington, D.C.  20006 |
| 125 Broad Street, 18th Floor | (202) 887-1500 |
| New York, NY 10004 | RHenry@mofo.com |
| (212) 549-2615 | MHarris@mofo.com |
| LLapidus@aclu.org | JHartman@mofo.com |
| gsherwin@aclu.org |  |
| wrp_ak@aclu.org |  |
| wrp_cby@aclu.org |  |

*Attorneys for Plaintiffs*

6